UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>) Case No. 4:21-cv-01329-MTS<br>JOSEPH R. BIDEN in his official )<br>capacity as President of the United )<br>States, *et al*. )<br>)<br>Defendants. )<br>) | |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION TO EXPEDITE BRIEFING**

Defendants respectfully oppose Plaintiffs' motion to expedite briefing in this case.  ECF No. 7.  Plaintiffs' proposed expedited schedule unnecessarily truncates Defendants' time to respond to Plaintiffs' motion for a preliminary injunction.  Plaintiffs have filed a 257-paragraph, nine-count Complaint, *see* ECF No. 1, and have sought leave to file a preliminary injunction motion more than triple the usual 15-pages allotted under the local rules, *see* E.D. Mo. L.R. 4.01(D), to brief numerous "complex and significant issues."  Pls.' Mot. to Exceed Page Limitation at 1-2, ECF No. 8.  Further, Plaintiffs attached 30 declarations to their preliminary injunction motion.  Plaintiffs failed to give Defendants notice of their preliminary injunction motion, and did not attempt to confer with Defendants before filing their motion to expedite.

Prior to filing this opposition, the undersigned counsel contacted Plaintiffs' counsel in an attempt to negotiate a reasonable schedule, to no avail.  Under the local rules, Defendants have until Monday, November 29, to file their opposition, which is fourteen days after Plaintiffs served the complaint and summons on the United States Attorney's Office.  E.D. Mo. L.R. 4.01(B).  In the spirit of compromise, however, Defendants offered to cut their time short and file their

1

opposition brief by noon (Central time) on Wednesday, November 24, a mere two-and-a-half business days after Plaintiffs' proposed response date.  Plaintiffs refused to consent, and declined to counteroffer.  Accordingly, Defendants are compelled to file this opposition.  Plaintiffs have not identified any legitimate reason to so drastically expedite the briefing schedule set forth in the local rules and therefore their motion to expedite should be denied.

Plaintiffs' claims challenge an interim final rule issued by the Centers for Medicare and Medicaid Services ("CMS") mandating that healthcare facilities receiving Medicaid or Medicare funding require their employees and contractors be vaccinated against COVID-19. 86 Fed. Reg. 61,555 (Nov. 5, 2021).  The requirements are "necessary to help protect the health and safety of residents, clinics, patients, PACE participants, and staff, and reflect lessons learned to date as a result of the COVID-19 public health emergency." *Id*.  "As of mid-October 2021, over 44 million COVID-19 cases, 3 million new COVID-19 related hospitalizations, and 720,000 COVID-19 deaths have been reported in the U.S." *Id*. at 61,556.  It is the "deadliest disease in American history." *Id*.  In light of CMS's "responsibility to protect the health and safety of individuals providing and receiving care from Medicare- and Medicaid-certified providers," the agency felt "compelled to require staff vaccinations for COVID-19 in these settings." *Id*. at 61,560.

As CMS explained in the interim final rule, "[t]he data showing the vital importance of vaccination indicate to us that we cannot delay taking this action in order to protect the health and safety of millions of people receiving critical health care services, the workers providing care, and our fellow citizens living and working in communities across the nation." 86 Fed. Reg. 61,583; *see also id.* at 61,584 (similar) & 61,586 (similar).  Accordingly, the interim final rule went into effect upon publication on November 5, 2021, and requires all relevant staff of covered health care facilities to have received, at a minimum, the first dose of a vaccine by December 6, 2021, subject

to exemptions.  *Id*. at 61,573.  Covered facilities must also have appropriate policies and procedures developed and implemented by that date.  *Id*.  By January 4, 2022, all relevant staff must receive their second dose, subject to exemptions.  *Id*.

Despite the interim final rule being issued on Friday, November 5, 2021, Plaintiffs waited a full week before filing their motion for preliminary injunction.  Given that they produced a 50-page brief and 30 declarations, it is highly unlikely they started from scratch on November 5, 2021.  If they truly wanted to expedite the court's consideration, they could have filed a much more streamlined 15-page brief within the local rules' normal page limits.  But it is simply not reasonable for Plaintiffs to file an overlength motion raising multiple legal issues and facts, provide no notice to Defendants, and expect them to respond in a week's time.

The urgency that Plaintiffs express is illusory.  They assert that "vaccination takes weeks," *id*. at 3,[1] and that healthcare facilities will need time to ensure compliance, *id*., but do not explain how that has any bearing on the timing of the government's opposition brief.  The local rules provide Defendants until November 29, 2021, to file their opposition.  E.D. Mo. L.R. 4.01(B).  Plaintiffs could then file any reply promptly; they have previously stated their willingness to do so within one business day.  There is ample time between then and the interim final rule's first compliance deadline of December 6, 2021, for the Court to issue a decision.

Alternatively, Defendants remain willing to stipulate to a schedule that provides for their opposition to be due at noon, Central time, on November 24.  Plaintiffs could also file a prompt reply under this schedule.  The Court, if it wishes to hold argument, *see* E.D. Mo. L.R. 4.02(A) (default practice is for motions to be determined "without argument"), could schedule that

---

[1] The interim final rule does not require that both doses of a two-dose COVID-19 vaccination regimen be completed by December 6, 2021; only that the first shot has been received.  86 Fed. Reg. 61,573.

argument the following week.  That is an eminently reasonable schedule and would not require, as Plaintiffs have demanded, that the Court and its staff spend the Thanksgiving holiday drafting an opinion by the arbitrary date of November 29.  There is no reason the Court needs to issue a decision prior to December 6, 2021.  Plaintiffs argue in their motion to expedite that they may need time to seek emergency relief at the appellate level, Pls.' Mot. to Expedite at 1, but the rules provide a mechanism for Plaintiffs to seek an administrative stay if the Court denies their preliminary injunction motion.

For these reasons, the Court should deny Plaintiffs' motion for expedited briefing.

Dated: November 16, 2021                    Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Acting Assistant Attorney General

                                            MICHELLE R. BENNETT
                                            Assistant Branch Director

                                            */s/ Joel McElvain*
                                            JOEL McELVAIN
                                            Senior Trial Counsel
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, NW
                                            Washington, DC 20005
                                            Phone: (202) 616-8298
                                            Fax: (202) 616-8470
                                            E-mail: joel.l.mcelvain@usdoj.gov

                                            *Counsel for Defendants*