IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

|  |  |  |
|---|---|---|
| STATE OF MISSOURI, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 4:21-cv-1329 |
| JOSEPH R. BIDEN, JR., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTION FOR A STAY PENDING APPEAL**

Defendants respectfully request this Court to stay, pending appeal, this Court's November 29, 2021 Order (ECF No. 28), which granted Plaintiffs' motion for a preliminary injunction. As the Secretary of Health and Human Services reasonably determined, his vaccination rule is likely to save hundreds, and possibly thousands, of lives each month, once it is implemented. Accordingly, if the rule were not implemented, there would be a substantial harm to Defendants' compelling public interest in the protection of the lives and well-being of patients served by health care facilities funded by the Medicare and Medicaid programs.

Courts consider four factors in assessing the propriety of granting a motion for stay pending appeal: (1) the movant's likelihood of prevailing on the merits of the appeal, (2) whether the movant will suffer irreparable damage absent a stay, (3) the harm that other parties will suffer if a stay is granted, and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Shrink Mo. Gov't PAC v. Adams*, 151 F.3d 763, 764 (8th Cir. 1998); *James River Flood Control Ass'n v. Watt*, 680 F.2d 543, 544 (8th Cir. 1982).

The Eighth Circuit directs that, in evaluating a request for a stay pending appeal, the Court "must consider the relative strength of the four factors, 'balancing them all.'" *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (quoting *Fargo Women's Health Org. v. Schafer*, 18 F.3d 526, 538 (8th Cir. 1994)). While the "most important factor is the [movant's] likelihood of success on the

1

merits," *id.*, "'[c]lear evidence of irreparable injury should result in a less stringent requirement of certainty of victory.'" *Id.* (quoting *Developments in the Law, Injunctions*, 78 Harv. L. Rev. 994, 1056 (1965)). "[A]ny trial judge is reluctant to find a substantial likelihood exists that he or she will be reversed," and, accordingly, courts in this district have issued stays of injunctions pending appeal where the legal questions were "substantial and matters of first impression," *see, e.g.*, *Sweeney v. Bond*, 519 F. Supp. 124, 132 (E.D. Mo. 1981), *aff'd*, 669 F.2d 542 (8th Cir. 1982), or "difficult and close," *see, e.g.*, *Perrin v. Papa Johns Int'l, Inc.*, No. 4:09CV01335 AGF, 2014 WL 306250, at *2 (E.D. Mo. Jan. 28, 2014). *See also, e.g.*, *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986) ("It will ordinarily be enough that the [movant] has raised serious legal questions going to the merits, so serious, substantial, difficult as to make them a fair ground of litigation . . ." (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977)).

The substantiality of Defendants' arguments on appeal, together with the balance of hardships, weigh heavily in favor of granting a stay pending appellate review. The United States is in the midst of the most serious public health crisis it has ever faced. COVID-19 is the deadliest disease in United States history. As of the time of the issuance three weeks ago of the rule at issue in this case, SARS-CoV-2, the virus that causes COVID-19, had infected over 44 million people, hospitalized more than 3 million people, and had claimed more than 720,000 lives in the United States alone. Included among the tremendous human cost are at least half a million reported cases and 1,900 reported deaths among health care staff. Medicare and Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination, 86 Fed. Reg. 61,555, 61,559 (Nov. 5, 2021).

Congress has specified that, in order for health care facilities to receive funding under the Medicare and Medicaid programs, hospitals and other participating facilities must meet conditions of participation set by the Secretary to protect the health and safety of patients receiving care at these facilities. The Secretary followed Congress's instructions by issuing this vaccination rule. He reasonably determined that the presence of unvaccinated health care workers in facilities serving Medicare and Medicaid patients poses a risk of transmitting SARS-CoV-2 to those patients. Accordingly, the Secretary required facilities, as a condition of participation in Medicare and Medicaid,

to ensure that covered staff either obtain vaccination against COVID-19 or seek an exemption from doing so.

Defendants' appeal will raise substantial arguments with regard to this Court's jurisdiction in this matter, as well as substantial arguments in support of the Secretary's statutory authority to establish conditions of participation in the Medicare and Medicaid programs.  Defendants' appeal will also raise substantial arguments in support of a finding that the Secretary, having considered the available evidence, reasonably exercised his judgment both in issuing his vaccination rule and in determining that good cause justified his doing so without first undertaking notice and comment procedures.  The remaining equitable factors also weigh heavily in favor of a stay.  Irreparable harm, in the form of hundreds or thousands of lives lost each month, would arise if the vaccination rule were not implemented.  The balance of hardships and the public interest, accordingly, also tip in favor of a stay.

Defendants recognize that this Court has rejected their arguments.  Accordingly, Defendants refrain from reiterating each of their arguments in detail here, and instead incorporate their previously-filed opposition to the preliminary injunction motion by reference.  *See* Defs.' Mem. in Opp'n to Pls.' Mot. for Prelim. Inj., ECF No. 23.  Defendants respectfully submit, however, that the issues are serious and that the Court should issue a stay pending appeal to preserve the status quo while the Court of Appeals considers these issues.

For all of these reasons, Defendants respectfully request that this Court stay its preliminary injunction in this case pending appeal.

Dated: November 30, 2021                                        Respectfully submitted,

                                                                BRIAN M. BOYNTON
                                                                Acting Assistant Attorney General

                                                                MICHELLE R. BENNETT
                                                                Assistant Branch Director
                                                                Federal Programs Branch

                                                                */s/ Joel McElvain*

3

JOEL McELVAIN
Bar No. 448431(DC)
Senior Trial Counsel

JULIE STRAUS HARRIS
Bar No. 1021298(DC)
Senior Trial Counsel

JONATHAN D. KOSSAK
Bar No. 991478(DC)
Trial Attorney

MICHAEL L. DREZNER
Bar No. 83836(VA)
Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 616-8298
Fax: (202) 616-8470
Email: Joel.L.McElvain@usdoj.gov

*Attorneys for Defendants*