UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:21-cv-01329-MTS |
| ) | |
| JOSEPH R. BIDEN, JR., *in his official capacity* ) | |
| *as the President of the United States of America*, ) | |
| *et al.*, ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Lift Stay, Doc. [43], which Defendants oppose, Doc. [47]. The Court, on Defendants' Motion and with Plaintiffs' consent, stayed this case during the pendency of the appeal of the preliminary injunction. Doc. [40]. Since then, the Court of Appeals for the Eighth Circuit, on Plaintiffs/Appellees' Motion, has ordered the appeal of the preliminary injunction to be expedited, such that briefing on appeal already has concluded. After reviewing the parties' briefs on this Motion and considering the parties' arguments, and because the Eighth Circuit will issue its decision even more quickly than originally anticipated when this Court stayed the case, the Court concludes that lifting the stay currently is not warranted.

There is one additional issue to address. Immediately before moving to lift the stay in this case, Plaintiffs filed a pleading they entitled First Amended Complaint, Doc. [42], which "add[ed] new arguments and claims while also reasserting [the] original claims," Doc. [44] at 2. Plaintiffs assert that Federal Rule of Civil Procedure 15(a)(1) allows them to amend as a matter of course "because Defendants have yet to file 'a responsive pleading' or 'a Motion under [Fed. R. Civ. P.] 12(b), (e), or (f)' in this case." Doc. [44] at 3. Defendants argue that Plaintiffs' new pleading

actually is a supplemental complaint, which requires the Court's leave under Rule 15(d), because the pleading "raises allegations of 'transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented.'"  Doc. [47] at 5 (quoting Fed. R. Civ. P. 15(d)).  In reply, Plaintiffs insist it is not a supplemental complaint but an amended complaint.  Doc. [50] at 2.

The Court need not decide whether the pleading would be an amended complaint or a supplemental complaint because both would have required leave in this case.  Rule 15(d) plainly requires leave to file a supplemental pleading, and, based on the time Plaintiffs filed the purported amended complaint, Rule 15(a) also required leave here.  Rule 15(a)(1) allows a party to amend its pleading once as a matter of course and only within two specific time periods.  *See also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1480 (3d ed. 2021).  Here, the first time period — twenty-one days after serving the Complaint — had passed, and the second time period's trigger — Defendants filing a responsive pleading or a motion under Rule 12(b), (e), or (f) — has not occurred.  Thus, Plaintiffs needed leave of Court, or Defendants' written consent, in order to file an amended complaint.  Fed. R. Civ. P. 15(a)(2).  For that reason, the Court will strike the pleading Plaintiffs labeled as their First Amended Complaint, but the Court would fully entertain, and likely grant, a motion to amend (or a motion to supplement, if necessary) after the stay in this case lifts.[1]  *See Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (describing the Eighth Circuit's "liberal viewpoint towards leave to amend").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Lift Stay, Doc. [43], is **DENIED**.

---

[1] Plaintiffs also could file an amended complaint within twenty-one days *after* Defendants serve a responsive pleading or a motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1)(B).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Expedite, Doc. [45], is **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk of Court is directed to strike Plaintiffs' First Amended Complaint, Doc. [42].

Dated this 23rd day of March, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE